**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Pollins, | No. CV 14-1928-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Hon. Roland Steinle; Hon. Roger E. Brodman; Tom Horne, Attorney General for the State of Arizona; Assistant Attorney General Michael Flynn; Hon. William Pauley; David Langer; Merrill Davidoff, | |
| Defendants. | |

Plaintiff has moved to proceed in forma pauperis. The court has concluded that Plaintiff's complaint should be screened pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Therefore, the Court will do so in this order.

### 28 U.S.C. § 1915(e)(2)

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

> "[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).
>
> []
> A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).
> I

*Kennedy v. Andrews*, 2005 WL 3358205, *2-*3 (D. Ariz. 2005).

**Complaint in this Case**

The Complaint in this case fails to withstand screening. First, three Defendants (Hon. Steinle, Brodman, and Pauley) are judges who are entitled to judicial immunity. *See Forrester v. White,* 484 U.S. 219 (1988); *Mireles v Waco,* 502 U.S. 9 (1991); *Cleavinger v. Saxner,* 474 U.S. 193 (1985); *Stump v. Sparkman,* 435 U.S. 349 (1978); *Pierson v. Ray,* 386 U.S. 547 (1967).

Next, two Defendants (Horne and Flynn) are sued for actions taken in their capacity as prosecutors and are entitled to prosecutorial immunity. *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005) ("A prosecutor is protected by absolute immunity from liability for damages under § 1983 'when performing the traditional functions of an advocate' [citation omitted]".)

Finally, as to all Defendants, the "claim" in this case is barred by the doctrine of *Rooker-Feldman.* Specifically, this Court does not have jurisdiction to hear claims that are, in effect, appeals of cases decided by state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In this case, Plaintiff seeks to have this Court intervene in a state court post-judgment criminal restitution matter because Plaintiff believes he is not getting paid quickly enough. This Court does not

1 have jurisdiction to administer state court restitution matters, nor to reconsider how the state
2 court is administering them. Accordingly, the entire complaint in this case is barred by
3 *Rooker-Feldman*.

### Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's request to proceed in forma pauperis (Doc. 2) is granted; the Complaint in this case is dismissed pursuant to 28 U.S.C. § 1915 and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the motion for service by the Marshals (Doc. 6) is denied as moot.

DATED this 4th day of December, 2014.

James A. Teilborg
Senior United States District Judge